UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE OPELOUSAS DIVISION

STELLA MARIE SOUTHER                    CIVIL ACTION NO. 10-049

VERSUS                                  JUDGE MELANÇON

CARDIOVASCULAR INSTITUTE
OF THE SOUTH                            MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Before the Court is Stella Marie Souther's Motion to Remand, entitled Motion to Determine Adequacy of the Removal Notice [Rec. Doc. 5] and Cardiovascular Institute of the South's ("CIS") Memorandum in Opposition thereto [Rec. Doc.7]. For the foregoing reasons, plaintiff's Motion will be **DENIED.**

### I. BACKGROUND

On September 28, 2005, plaintiff filed this employment discrimination action against her former employer, CIS, in the 15th Judicial District Court for the Parish of Lafayette. *R. 5-1, p.1.* In her Petition for Damages, plaintiff alleges that CIS terminated her "because of her disability and has refused to make reasonable accommodations to return her to employment, in violation of, among others, Sections 23:301-323 of the Louisiana Revised Statutes."[1] *R. 7-1, Exh. A,* ¶ XVI. Defendant filed a Notice of Removal on January 12, 2010, pursuant to Title 28 of the United States Code § 1331, as plaintiff's claims under the

---

[1] Due to complications surrounding a craniofacial tumor and related surgical procedures, plaintiff was diagnosed with Horner's Syndrome, which is characterized by an interruption of the oculosympathetic nerve pathway between the hypothalamus and the eye. *R. 7-1, Exh. A,* ¶ IX *Plaintiff's Petition for Damages.* As a result, plaintiff has complete loss of sensation in the left side of her face. *Id* at ¶ X.

1

Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* (the "ADA") are within the original jurisdiction of the district courts. *R. 1.* Plaintiff has filed a Motion to Remand on the basis that defendant's notice of removal was not timely filed. *R. 5.* Defendant opposes remand. *R. 7.*

## II. STANDARD FOR REMAND

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. Plaintiff states that the case should be remanded to state court because defendant failed to timely file its Notice of Removal within the thirty-day time period provided by 28 U.S.C. § 1446(b).

The two paragraphs of 28 U.S.C. § 1446(b) detail the documents which trigger the time limits for notices of removal. The first paragraph governs notices of removal based on an "initial pleading *setting forth* the claim for relief upon which such action or proceeding is based."(emphasis added). The second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable." *See Bosky v. Kroger Texas*, LP 288 F.3d 208, 209 (5th Cir. 2002)(emphasis added). The issue before the Court is at what point after suit was filed defendant could first ascertain that plaintiff was asserting claims under the ADA so that the suit could be maintained in federal court.

In cases removed from state court, the removing party has the burden of establishing federal jurisdiction over the controversy. *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d

2

689, 692 (5th Cir.1995). Furthermore, federal courts have been directed to construe the removal statute against removal and in favor of remand to state court. *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 463 F.Supp.2d 583, 586 (E.D.La.2006)(J.Fallon)(*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). This rule of strict construction is "consistent with the notion that the federal courts are courts of limited jurisdiction." Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3721 at 348-51, 470.

### III. LAW AND ANALYSIS

The sole issue presented in plaintiff's motion to remand concerns whether from the face of plaintiff's complaint, the defendant could have ascertained that plaintiff was bringing forth claims under federal law sufficient to trigger the delay within which CIS might have timely filed a notice of removal. Title 28 U.S.C. § 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . .

28 U.S.C. § 1446(b). The parties dispute whether, under the second paragraph of 1446(b), the clock commenced to run at the time CIS was formally served on October 12, 2005, or at

some time thereafter.  CIS claims that it did not become aware of facts indicating that this case was removable until December 15, 2009, when it received correspondence from plaintiff's counsel regarding settlement.  If accepted as true, defendant's removal was timely, as it was filed within thirty (30) days of the date CIS first ascertained that the case was removable. *R. 7-1, p. 2.*

The record before the Court reflects that on September 28, 2005, plaintiff filed her state court suit in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana. *R. 5-1 p. 2*.  CIS was formally served with the complaint on October 12, 2005, and thereafter, filed an Answer on November 29, 2005. *Id.*  Plaintiff argues that the allegations contained in the petition, if taken as true, unambiguously support a cognizable claim under the ADA.  Plaintiff contends that her state court petition clearly alleges that she is claiming a disability ®. *7-1, Exh. A, ¶ XI*), that defendant refused to make a reasonable accommodation for her alleged disability ®. *7-1, Exh. A, ¶ XII*) and that plaintiff seeks "compensatory damages, back pay, benefits, front pay, reasonable attorneys' fees and court costs." ®. *7-1, Exh. A, ¶ XVI*).  Plaintiff concludes that defendant knew or should've known that plaintiff was asserting claims under federal law, as a result.[2]  Plaintiff further argues that because defendant seeks removal well over four (4) years after the last pleading was filed in

---

[2] Plaintiff asserts that discovery in the form of written interrogatories, requests for production of documents, as well as well as defendant having deposed plaintiff on two separate occasions, should have alerted defendant to the existence of plaintiff's federal cause of action under the ADA. *R. 5-1, p. 3*.  Plaintiff further asserts that despite a "substantial amount of discovery" having been conducted while the case was pending in state court, defendant has not claimed it uncovered any information through discovery that identified plaintiff's claim as being under the ADA. *Id. p. 5.*

the underlying state court proceeding, remand is warranted.

Defendant opposes plaintiff's motion, arguing that at no point does the Petition for Damages cite to any federal statutes or include any allegations that federal law was violated, and thus, simple application of the well-pleaded complaint rule demonstrates that this action was not removable when it was first filed. *R. 7, p. 5.* Defendant posits that it was not until December 15, 2009, that CIS, through its counsel of record, received correspondence from plaintiff's counsel in the form of a settlement letter wherein counsel states, "it is my position that this is a clear case of discrimination under the ADA, as well as the Louisiana Revised Statutes."[3] *R. 7-1, Exh. B.* The letter further states, in pertinent part, that "it would also be my position that your client was required to make a good faith effort to make a reasonable accommodation for [the plaintiff's] continued employment, and that [CIS] have failed to do so." *Id.* Notably, for the first time, plaintiff alleges that she is entitled to punitive damages.[4] *Id.* Defendant submits that under *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000), the settlement letter is an "other paper" for the purposes of the second paragraph of § 1446(b), and as such, the time for removal commenced to run when CIS received correspondence addressing the possibility of settlement. *R. 7, p. 2.* Reluctantly, given the lengthy history of this proceeding, the Court agrees. Under federal jurisprudence the clock begins to run upon the service of the petition only if plaintiff specifically alleges

---

[3] Plaintiff represents that the settlement letter was sent to counsel for defendant in advance of an anticipated mediation being set in this matter. *R. 5-1, p. 5.*

[4] Punitive damages is a damages element which is cognizable under the ADA but not under the Louisiana Employment Discrimination Law. La .R.S. 23:30, *et seq.*

5

a claim under federal law.[5] 28 U.S.C. § 1446(b).

In order to determine whether a case was properly removed to federal court on the basis of federal question jurisdiction, the Court must examine plaintiff's complaint under the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). Under that doctrine, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (*quoting Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). A plaintiff may choose to forego the federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir.2001)(citation omitted).

In *Crane v. New Orleans Real Estate Investors Ass'n, Inc.*, defendants argued that removal was proper because "plaintiff ha[d] alleged facts which implicated the ADA and, consequently, invoke[d] federal question jurisdiction." 2004 WL 1555253 *3 (E.D.La. July 8, 2004)(J. Duval). In rejecting defendants' argument, the district court articulated the

---

[5] Plaintiff's reliance on *Sandoz v. Cingular Wireless, LLC*, 2006 1635686 *3 (W.D. La. 2006)(J. Doherty), is misplaced. In *Sandoz*, the Court found that remand was proper, not because the Court disagreed with defendant's argument that the settlement letter was "other paper," but because the record was devoid of any document indicating on its face that the amount in controversy was in excess of the jurisdictional minimum required for diversity jurisdiction. *Id.* at *3. In the present case, plaintiff's counsel's settlement letter specifically makes reference to the fact that plaintiff is now asserting claims under the ADA. *See R. 7-1, Exh. B.*

following:

> The conclusory mention that a private actor's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule. Such a statement documents an effect or injury; it does not state a cause of action. "The court is not bound by the stray labels placed on plaintiff's claims." (citations omitted). An incidental reference to a federal law violation does not "convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim . . ."(citations omitted).
>
> The well-pleaded complaint rule requires the Court to determine federal jurisdiction from the plaintiff's allegations in his state court petition. Plaintiff's Petition cites no federal statute, nor does he allege any facts to support an ADA claim that would not also support a claim under [state law]. . . Although the Court recognizes that plaintiff [] makes reference to his disability in the aforementioned portion of his Petition for Damages and prays for judgment declaring that defendants violated state and federal law, the Court nevertheless finds that plaintiff's Petition stopped short of invoking the ADA on its face.

*Id.* Similarly, in the present case, the allegations contained in plaintiff's state court petition could possibly give rise to federal ADA claims. However, as "master of the complaint" plaintiff chose to proceed in state court on the exclusive basis of state law, thereby depriving defendant of an opportunity to remove this suit, at least until such time that plaintiff made a "clear and unequivocal" invocation of federal law. *See Bosky*, 288 F.3d at 211. In the present case, plaintiff's prayer portion of the petition does not seek relief exclusively provided for by the ADA.[6]

---

[6] The record reflects that plaintiff's state court petition prays for relief in the form of "compensatory damages, backpay, benefits, front pay, reasonable attorneys' fees and court costs."*R. 7-1, Exh. A, ¶ XVI Plaintiff's Petition for Damages.* Each element of damages prayed for by plaintiff is available under Louisiana Employment Discrimination Law. La .R.S. 23:301 *et seq. R. 7-1, Exh. A, ¶ XVI Plaintiff's Petition for Damages.* Additionally, much like the plaintiff in *Crane*, Souther "conspicuously avoided praying for punitive damages, which are recoverable under the ADA but not [Louisiana law]." 2004 WL 1555253 at *3.

The Fifth Circuit continues to reject a due diligence requirement for determining whether a case is removable. "The defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir.1996)(*citing Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992)). In *Chapman v. Powermatic, Inc.*, the Fifth Circuit set out that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and that "the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth. . ." 969 F.2d 160, 163 (5th Cir. 1992).[7] When a matter is removed pursuant to the second paragraph of § 1446(b), the information supporting removal in an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to begin tolling the thirty (30) day time limit. *Bosky*, 288 F.3d at 211. The requirement that grounds for removal be "unequivocally clear and certain" is intended to discourage removals before their factual basis can be proven by a preponderance of the evidence. *Sandoz*, 2006 1635686 *2 (W.D. La. 2006)(J. Doherty) (*quoting Bosky*, 288 F.3d 208, 209 (5th Cir.2002)).

Against this legal backdrop, the Court cannot conclude that plaintiff's complaint was sufficiently definite to enable defendant to ascertain that she was asserting a claim under the ADA, so that the clock would have commenced under the first paragraph of § 1446(b). *See Crane*, 2004 WL 1555253 *3; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th

---

[7] In *Chapman,* the Court held that while a settlement or demand letter is acceptable as "other paper" for the purposes of the second paragraph of § 1446(b), a *pre-suit* demand letter does not constitute sufficient "other paper" from which defendant could ascertain the case was removable. 969 F.2d at 163.

Cir.1994)(holding "the removal clock began to run in the instant case only when the defendants received a pleading that revealed on its face that [the plaintiff] was asserting a cause of action based on federal law").

On the face of plaintiff's complaint, only state law claims appear to have been made.[8] The Fifth Circuit requires "clear and unequivocal" allegations of a federal cause of action. *See Leffall,* 28 F.3d at 525. As such, there was no viable basis for removal until defendant was made aware by plaintiff's correspondence dated December 15, 2009, that she was asserting a federal cause of action. Although the Court is sympathetic to plaintiff's contentions regarding the extensive amount of discovery that has already taken place in the state court proceeding which has been pending for over four (4) years, plaintiff has failed to provide, nor has the Court uncovered through its own research, the existence of any legal authority that would prevent the Court from properly exercising jurisdiction over this matter.[9]

The Court concludes that the settlement letter constitutes "other paper," and the second paragraph of 28 U.S.C. § 1446(b) governs the present situation. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d at 762. The clock commenced running under § 1446(b) upon

---

[8] Although plaintiff makes reference to her disability in her Petition for Damages, the Court nevertheless finds that plaintiff's petition stopped short of invoking the ADA on its face, and although the damages alleged could possibly give rise to federal ADA claims, plaintiff, as master of the complaint, chose not to invoke federal law.

[9] In *Landry v. Green Tree Financial Corp. of Alabama,* the district court denied plaintiffs' motion to remand on the basis that "[a] plain reading" of plaintiffs' complaint, which was filed on June 21, 2006, "reveal[ed] that the case was not initially removable," as it was not "unequivocally clear and certain" that plaintiff was asserting claims under the Fair Debt Collection Practices Act until plaintiffs stated as much in their opposition to defendant's motions for summary judgment. 2009 WL 2902921 *4 (S.D.Miss 2009)(J. Ozerden). Thus, the district court found that the thirty day removal clock under § 1446(b) began to run on February 10, 2009, the date defendant's were served with plaintiffs' opposition. *Id.*

defendant's receipt of plaintiff's settlement letter. *See Leffall,* 28 F.3d at 525. It was at that time that defendant first received a clear and unequivocal indication that plaintiff was asserting a federal cause of action. The settlement letter is dated December 15, 2009, and CIS filed its removal notice with this Court on January 12, 2010. *R. 7-1, Exh. B; R. 7-1 Exh. C.* The Court finds that defendant timely sought removal within the requisite thirty days after receipt of plaintiff's settlement letter.

## III. CONCLUSION

For the foregoing reasons, the Court finds that defendant's Notice of Removal was timely filed. Plaintiff's Motion to Remand will be denied.